[No. 17352. Department One. January 22, 1923.]

THOMAS D. ROBINSON, *Appellant,* v. WESLEY STEELE
*et al., Respondents,* ALBERT MOSES *et al.,*
*Defendants.*[1]

JUDGMENT (217)—BAR—IDENTITY OF ISSUES. A decision in a former appeal that the vendor of lands, because of failure of title, was not entitled to recover on purchase money notes, which were cancelled, is *res adjudicata* and a bar to any recovery, whether for money, foreclosure of an equitable mortgage or specific performance.

VENDOR AND PURCHASER (157)—REMEDIES OF VENDOR—DAMAGES—RIGHT OF ACTION—POSSESSION AND WASTE. Where a vendor's action for the purchase price was fully met by a plea of former adjudication in which it was held that defendant had rescinded for defect in title, and in which a claim for waste was denied, relief for waste under allegations in the reply, on testimony admitted over or subject to objection, was properly denied, without prejudice to another action for waste, if any was committed subsequent to the former adjudication.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered October 27, 1921, in

[1]Reported in 212 Pac. 167.

favor of the defendants, dismissing an action for equitable relief, tried to the court. Affirmed.

*Benjamin F. Tweedy* and *Elmer E. Halsey,* for appellant.

*C. A. McCabe* and *Fred E. Butler,* for respondents.

MITCHELL, J.—For the purpose of the appeal, which has been taken from a judgment in favor of defendants Steele and Kennedy, the complaint in substance is that, in August, 1912, the plaintiff sold defendants certain real estate in Asotin county, and together with his wife entered into a written contract with the purchasers to convey the land to them by warranty deed whenever the full purchase price was paid; that the purchase price of $4,500 was evidenced by five promissory notes of $900 each, executed by the purchasers and payable to the plaintiff, that the contract, promissory notes and a warranty deed to the lands, executed by the plaintiff and his wife, wherein Steele and Kennedy were named as grantees, were, by understanding of the parties, placed in escrow with a bank. It is alleged that the purchasers were put in possession of the lands and have continued in possession. This last allegation is denied.

The complaint further states that the plaintiff is willing and able to carry out the executory contract of sale of the real estate upon performance by Steele and Kennedy, and that there is due from the purchasers the principal sum of $4,000, with interest from August, 1912, in the sum of $2,240. The relief demanded is a judgment against Steele and Kennedy in the sum of $6,240, principal and interest, and an attorney's fee; also a foreclosure of plaintiff's equitable mortgage, and that the real estate be sold as provided by law and the proceeds applied to the payment of the judgment; and that an execution issue for any deficiency; and also

a prayer that the executory real estate contract be performed by said Steele and Kennedy.

The answer of the defendants Steele and Kennedy consists of general denials coupled with an affirmative defense of *res judicata,* set up with full and complete particularity. The reply denied the affirmative defense, and further alleged that the defendants Steele and Kennedy had remained in possession of the lands and had committed waste thereon in the sum of $1,000.

The trial to the court without a jury resulted in a judgment of dismissal in favor of Steele and Kennedy, without prejudice to the right of the plaintiff to bring a separate action for possession of the lands, if necessary, and for damages for waste. The plaintiff has appealed.

The present action was commenced on August 19, 1919. Upon the appeal, the case is easily determined and disposed of upon the allegations and proof of *res judicata.* The parties, real property, promissory notes, real estate contract, deed by appellant and his wife, escrow agreement and depositary are, each and all, the same as those involved in a former action in the superior court of Asotin county commencing in October, 1913, wherein, on March 19, 1915, judgment was entered dismissing the action and ordering the surrender of the notes. The proof further shows that Robinson appealed to this court from that judgment and that it was affirmed by a Departmental decision reported in 91 Wash. 268, 157 Pac. 845, and a later decision of the whole court found in 95 Wash. 154, 163 Pac. 486. The primary inquiry in the case at that time related to the title to the real estate Robinson claimed to have gotten through Indian homesteaders. Steele and Kennedy had found the title to be defective, refused to make payments and rescinded the contract. They were sustained in that contention, with the final

result as expressed in the decision of the case as reported in 91 Wash. as follows:

"Some contention is made in appellant's behalf that respondents have no right to resist his claimed right to judgment upon these notes for the reason that they have failed to effectually rescind the contract for the purchase of land by them from appellant. We think this contention is without merit. Their refusal to pay the balance due upon the first note at maturity, and upon the other notes upon appellant's election to declare them due, their refusal to receive the deed tendered to them by the bank in behalf of appellant, their manifest disclaimer of any interest in the land, which we think is deducible from their acts made plain to appellant, all because of the failure of the title of appellant, and, as we think, timely done upon discovery of the failure of appellant's title to the land, are, in our opinion, sufficient unequivocal acts of rescission on their part. 39 Cyc. 1431. We conclude that appellant is not entitled to recover upon the notes in this action, and that respondents are entitled to have the notes surrendered and cancelled, as adjudged by the trial court."

Certainly that determination shows that Steele and Kennedy had at that time successfully rescinded the whole contract and transaction. Therefore, at the time the present action was instituted, all of the instruments involved being the same instruments that were embraced in the former action, were, and still are, worthless to authorize or justify a judgment for money, or of foreclosure as an equitable mortgage, or for specific performance, or for any other relief whatever.

Some contention is also made by appellant that he is entitled to relief under the allegations of the reply and proof thereunder of possession and waste at the hands of the respondents. That proof was all admitted over the objections of the respondents. The trial court announced that, in his opinion, it was immaterial and inconsistent with the complaint, but seems to have let it

in because of the insistence of counsel for the appellant. The same contention as to occupancy of the lands was made by appellant and denied by respondents in the prior action, of which we said in the 91 Washington report of the case, "We think the record warrants the conclusion that they have not been in possession of the land since the commencement of this action, and that they have at no time since then claimed the right of possession thereof." If, at any time subsequent to the trial of the prior action, the respondents have taken possession of the lands or caused any waste thereon, the appellant has his remedy at law therefor, which has been protected and reserved to him by the judgment now appealed from.

Affirmed.

PARKER, HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.